IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bump Boxes, Inc., an Illinois corporation, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 21-cv-3244 |
| v. | ) |
| | ) |
| DearBump Box Limited, a private limited | ) |
| company in the United Kingdom | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT & JURY DEMAND

Plaintiff, Bump Boxes, Inc., an Illinois corporation, complains of Defendant, DearBump Box Limited, stating:

### Parties, Jurisdiction, and Venue

1.     Bump Boxes is an Illinois corporation. with a principal place of business located at 7719 North Pioneer Lane, Peoria, Illinois 61615. Bump Boxes not only does business in Illinois, it offers its services throughout the United States and even worldwide.

2.     Dear Bumpbox  is private limited company located in the United Kingdom with its registered office at 57 Holly Bank Avenue, Liverpool, England, L14 7AG UK.

3.     While located in the United Kingdom, Dear Bumpbox offers services and goods to Illinois consumers, including those in this District.

4.     Dear Bumpbox operates a fully interactive website located at the URL www.dearbump.com (the "Infringing Website").

5.     Dear Bumpbox operates its Infringing Website using the Shopify platform, which provides the content management system and hosting for the Infringing Website.

6.      Dear Bumpbox utilizes Google Analytics on its Infringing Website to track users and their behaviors, including users in this District.

7.      Dear Bumpbox utilizes a Shopify plugin called "Shipping to over 50 countries."

8.      The "Shipping to over 50 countries" plugin is not standard and is deployed only on a subset of Shopify hosted websites.

9.      Dear Bumpbox, upon information and belief, utilized this plugin in order to offer its goods and services to consumers in the United States, including in this District.

10.     The Infringing Website functions as intended and even allows various shipping options to Chicago, as indicated by the following (highlighted) screenshot taken from the Infringing Website.



11.     While the payment screen allows for payment in pounds sterling, it utilizes payment providers such as Visa, Mastercard, American Express, and Paypal to accept payments, including those in US Dollars.

12.     The Infringing Website is further interactive in that if a consumer, including one in this District, places an item in his or her "cart," proceeds to click the "Continue to Payment" button, but does not complete the purchase, then Dear Bumpbox, through its Infringing Website, emails to the consumer.

2

13.     This Court has original subject matter jurisdiction over the claims in this action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. It also has jurisdiction over the claims arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14.     This Court has personal jurisdiction over the Defendant. Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating on www.dearbump.com.

16.     Defendant targets sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, and on information and belief, has sold, and continues to offer services that infringe Bump Boxes' trademarks. Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

**Facts Common to All Counts**

17.     Christine and Leland Deehring founded Bump Boxes in 2013.

18.     Through the Deehring family's efforts, Bump Boxes grew to be one of the leading providers of subscription box services for expectant mothers, expectant families, newborns, and families of newborns. It provides these products through its online retail store located at www.bumpboxes.com.

19.     Bump Boxes also offers standalone products for expectant mothers, expectant families, newborns, and families of newborns at its online retail store.

20.     Bump Boxes uses its BUMP BOXES and BUMP BOX trademarks in connection with its online retail services and subscription boxes and standalone products.

21.     Subscription boxes are a popular way to purchase products on a recurring basis. These products are usually of a similar theme or type.

22.     Along with superior customer service and high-quality products, Bump Boxes' success stems from its branding and attention to maintaining quality products, services, and customer service.

<u>Bump Boxes' Relevant Rights</u>

23.     Bump Boxes owns several relevant marks and U.S. trademark registrations:

| **Mark** | **USPTO Reg. No** | **Goods and Services** |
|---|---|---|
| BUMP BOXES | 4640511 | On-line retail store services featuring safe and healthy general consumer merchandise for mothers, fathers, babies, pregnancy, labor, and gifts |
| BUMP BOX | 4783547 | Retail store services featuring safe and healthy general consumer merchandise for mothers, fathers, babies, pregnancy, labor, and gifts |
| Bump  Boxes | 4699164 | On-line retail store services featuring safe and healthy products for mothers, fathers, babies, pregnancy, labor, and gifts. |

("the BUMP BOXES Marks")

24.     Bump Boxes has extensive common law rights in the BUMP BOXES Marks for the foregoing goods and services as well as standalone products.

25.     The BUMP BOXES Marks are distinctive.

26.     Bump Boxes' distinctive trademarks allow customers to purchase with confidence that the source of the goods and services is Bump Boxes. The BUMP BOXES Marks are part of that branding.

<u>Defendant's Wrongful Actions</u>

27.     Over the years, competitors have adopted Bump Boxes' business model.

28.     At times, those companies go beyond legitimate competition and engage in trademark infringement and unfair competition.

4

29.     Dear Bumpbox is one of these overreaching competitors.

30.     While Bump Boxes understands it cannot keep others from copying its online subscription model, Dear Bumpbox incorporates the BUMP BOX-formative marks into its own DEAR BUMPBOX Marks.

31.     Defendant's online retail platform is located at the Infringing Website which, as stated above is accessible by, targeted to, and purposefully equipped to serve consumers in the United States, including this District.

32.     This action is filed to combat Defendant's trademark infringement, unfair competition, and anti-cybersquatting, which not only damages Bump Boxes monetarily, but also damages the goodwill Bump Boxes' enjoys in its successful brand.

33.     Upon information and belief, adopting the DEAR BUMPBOX Marks was a decision meant to trade off of Bump Boxes' good will or to cause consumer confusion.

34.     This conclusion is reached based, in part, upon Dear Bumpbox's adoption of the same or similar packaging utilized by Bump Boxes, the same or similar color schemes utilized by Bump Boxes, and the Infringing Website's adoption of a color s.

35.     The conclusion is reached, in part, upon Dear Bumpbox's acknowledgement of receipt of a letter alerting it to its unauthorized use of BUMP BOX and BUMPBOXES and notice of trademark rights in the United States and its refusal to right its infringing ways.

### Count I
### Trademark Infringement and Counterfeiting
### 15 U.S.C. § 1114

36.     Bump Boxes incorporates all the allegations above as if restated here.

37.     Dear Bumpbox's use of the DEAR BUMP BOX Marks is likely to cause consumer confusion with Bump Boxes' BUMP BOXES Marks.

38.     Dear Bumpbox's use of the DEAR BUMP BOX Mark is use "in commerce" under the Trademark Act.

39.     Dear Bumpbox's DEAR BUMP BOX Marks are similar in sight, sound, and commercial impression to Bump Boxes' BUMP BOXES Marks.

40.     Both Dear BumpBoxes DEAR BUMP BOX Marks and Bump Boxes' BUMP BOXES Marks contain BUMP BOX. This important literal element dominates the consumers focus.

41.     Using the DEAR BUMP BOX Marks, Dear Bumpbox markets very similar or identical services to the services covered under the BUMP BOXES Marks.

42.     Dear Bumpbox's use of the DEAR BUMP BOX Marks in connection with the sale or advertising of its services is likely to cause confusion as to the source, sponsorship, affiliation, or approval of the goods or services.

43.     Upon information and belief, Dear Bumpbox's actions are also willful, knowing, and intentional.

44.     Bump Boxes sent Defendant a letter on May 14, 2021 requesting that it stop its use of the BUMP BOXES Marks.

45.     Defendant received and acknowledge receipt of this letter.

46.     As of the date of this Complaint, Defendant has failed to stop its sale of its subscription box services under the DEAR BUMP BOXES Marks.

47.     Bump Boxes has been damaged by these infringing activities at an amount to be determined through discovery.

48.     Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count II
## Unfair Competition Under 15 U.S.C. § 1125(a)

49.     Bump Boxes incorporates all the allegations above as if restated here.

6

50.     Dear Bumpboxes' use of the DEAR BUMP BOX Marks is likely to cause confusion or mistake and cause consumers to believe that Dear Bumpbox is connected to, associated with, or affiliated with Bump Boxes or that its services were sponsored or approved of by Bump Boxes.

51.     Upon information and belief, Dear Bumpboxes actions were willful, knowing, and intentional.

52.     Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

53.     Unless enjoined by the Court, these activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count III
## Cyber-squatting under 15 U.S.C. § 1125(d)

54.     Bump Boxes incorporates all the allegations above as if restated here.

55.     Defendant, or its agents, adopted, registered, and use the domain dearbump.com (the "Domain") to offer customers monthly subscription "custom gift boxes" for women who are pregnant or who have just given birth.

56.     Dearbump.com is a domain name that is confusingly similar to the BUMP BOXES Marks.

57.     The dominate portion of dearbump.com is BUMP.

58.     BUMP is the dominant portion the BUMP BOXES Marks.

59.     Defendant's site is very similar to Bump Boxes' prior site in its stylization and design as if Defendant intended to copy Bump Boxes' site.

60.     The registered BUMP BOXES Marks were both registered and distinctive before Defendant's registration of the Domain on which the

61.     Upon information and belief, Defendant's adoption, registration, and past and present use of the Domain has been for commercial gain and in a bad-faith intent to profit.

62.     Upon information and belief, Defendant's actions were and are willful, knowing, and intentional.

63. Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

64. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count IV
## Common Law Trademark Infringement and Unfair Competition

65. Bump Boxes incorporates all the allegations above as if restated here.

66. Dear Bumpbox's use of the DEAR BUMP BOX Marks is likely to cause confusion or mistake and cause consumers to believe that Dear Bumpbox is connected to, associated with, or affiliated with Bump Boxes or that its services were sponsored or approved of by Bump Boxes.

67. Upon information and belief, Dear Bumpbox's actions were willful, knowing, and intentional.

68. Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

69. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count V
## Violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510, et seq.

70. Bump Boxes incorporates all the allegations above as if restated here.

71. Dear Bumpbox has engaged in acts violating Illinois law, including, but not limited to, causing a likelihood of confusion or misunderstanding about the source of its goods offered for sale in Illinois.

72. This violates the Illinois Uniform Deceptive Trade Practices Act.

73. Dear Bumpbox's conduct caused Bump Boxes to suffer damage to its reputation and goodwill.

74. Dear Bumpbox's has obtained profits it would not have otherwise realized absent infringement of the BUMP BOXES Marks.

8

## Count VI
## Injunctive Relief

75.     Bump Boxes incorporates all the allegations above as if restated here.

76.     Bump Boxes will succeed in this action.

77.     Dear Bumpbox is infringing Bump Boxes trademark rights.

78.     In doing so, Dear Bumpbox is appropriating Bump Boxes' good will and, potentially, damaging it.

79.     It is difficult to impossible to place a monetary value on the goodwill associated with Bump Boxes' BUMP BOX-formative marks.

80.     Bump Boxes has no adequate remedy at law and will suffer irreparable harm if an injunction is not entered against Dear Bumpbox, enjoining from using the DEAR BUMPBOX Marks to offer and sell similar goods and services to Bump Boxes.

81.     Dear Bumpbox will suffer no harm or very limited harm by being required to cease its infringing conduct.

82.     The public is well served by enforcement of trademark rights, which will help prevent consumer confusion.

83.     The law, under the Trademark Modernization Act of 2020, establishes a rebuttable presumption of irreparable harm when a violation of the Lanham Act is established.

### Prayer for Relief

WHEREFORE, Bump Boxes, Inc. requests that this Court enter judgment against Defendant, DearBump Box Limited as follows:

A.      Entering Judgment against Defendant and for Bump Boxes, Inc. on all counts;

B.      Finding Defendant's activities were conducted willfully for profit;

C.      Awarding Bump Boxes, Inc. profits and the damages resulting from Defendant's infringing conduct;

D.      Awarding Bump Boxes, Inc. profits and the damages resulting from Defendant's acts of unfair competition;

E.      Awarding Bump Boxes, Inc.'s profits and the damages resulting from Defendant's cybersquatting, or in the alternative, statutory damages of $100,000;

F.      Awarding Bump Boxes, Inc. treble, punitive, or otherwise enhanced damages, as available, for Defendant's willful acts;

G.      Ordering Defendant to deliver up for impoundment and destruction all products bearing the DEAR BUMP BOX Mark in its possession;

H.      Granting Bump Boxes, Inc. preliminary and permanent injunctive relief against further infringement or false designations of origin by Defendant,

I.      Ordering the Defendant to transfer and assign the registration for the Domain dearbump.com and any other domains confusingly similar to the BUMP BOXES Marks to Bump Boxes, Inc.;

J.      Finding that this case is an "exceptional case" under the Lanham Act;

K.      Award Bump Boxes, Inc. its costs of suit and attorneys' fees and

L.      Grant Bump Boxes, Inc. such other and further relief as justice requires.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

Respectfully submitted,
Bump Boxes, Inc., by,

/s/ jlap
Jonathan LA Phillips (IL6302752)
Phillips & Bathke, P.C.
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
(309) 598-2028
jlap@pb-iplaw.com

John T.D. Bathke (IL6305438)
Phillips & Bathke, P.C.
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
(312) 380-0680
jtdb@pb-iplaw.com
*Attorney for Bump Boxes, Inc.*